# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 130 | DATE | 5/27/2004 |
| CASE TITLE | Dean vs. CTA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. For the reasons stated on the attached memorandum opinion, the Court hereby grants defendant's motion for summary judgment. All pending dates and motions are hereby stricken as moot. Terminating case. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | MAY 2 8 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. Memorandum Opinion distributed in open Court. | | docketing deputy initials | 26 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| MW6 courtroom deputy's initials | | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| Alvando Dean, Sr. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03 C 0130 |
| | ) | |
| Chicago Transit Authority | ) | |
| | ) | |
| Defendant. | ) | |

DOCKETED
MAY 2 8 2004

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Chicago Transit Authority's ("CTA") motion for summary judgment. For the reasons stated below we grant the motion for summary judgment.

## BACKGROUND

Plaintiff Alvando Dean, Sr. ("Dean") began working for the CTA as full-time bus operator in December of 1994. Dean was injured on duty in June of 1996 and on September 16, 1999 he was transferred to the nonworking status that CTA refers to as area 605. In November of 2001 CTA notified its employees that it would no longer have a Hunama as a HMO option and that if an employee did not select

another plan the employee would be defaulted to the Blue Cross Blue Shield PPO plan for the 2002 plan year. On January 17, 2001 Dean, who had previously chosen a Humana HMO, enrolled in the Blue Cross Blue Shield PPO plan. On April 18, 2002 Dean elected to have his wife be added to his plan coverage. Dean presents his allegations in his complaint in a summary fashion. He merely indicates that he was "forcibly retired" and that he was denied insurance coverage. Dean also alleges that he saw a computer screen, apparently at the CTA benefits department, at some unspecified time which had some unspecified documents on the screen that indicated that Dean was not to receive insurance benefits because he filed a discrimination charge against the CTA. Dean has brought a two Count complaint alleging violations of the Americans With Disabilities Act ("ADA"),42 U.S.C. § 12101 *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*

## LEGAL STANDARD

Summary judgment is appropriate when the record reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*

v. *Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case."*Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations or denials in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

### I. Lack of Answer to CTA's Motion For Summary Judgment

Dean did not file an answer to the instant motion for summary judgment and did not file a response to CTA's Local Rule 56.1 statement of facts. On October 20,

2003 we granted Dean's motion for an extension of discovery and we gave until January 14, 2004 for the parties to answer dispositive motions. On December 18, 2003 we further extended the due date for answers to dispositive motions to Febrary 6, 2004. Dean failed to appear in court for CTA's noticed motion on December 18, 2003. On December 29, 2004 Dean again failed to appear for a noticed motion brought by CTA. CTA filed a summary judgment motion in a timely fashion and CTA did not file a response by the February 6, 2004 due date. Instead on February 24, 2004, eighteen days later, Dean appeared before the court seeking leave to answer the summary judgment motion. We denied his motion because of Dean's counsel's failure to appear before the court on prior occasions, the untimely nature of his filing, his failure to appear before the court to seek leave prior to the due date, and because of the inadequacy of his explanation for his lack of promptness in filing his answer. Dean's counsel's sole excuse for failing to respond to CTA's summary judgment motion was that he is a solo practitioner and that he was busy dealing with other cases. As we stated in open court, Dean's counsel's ethical obligations require him to dilligently represent all of his clients and he should not take on additional cases if he cannot meet the needs of his clients. Judicial efficiency in the federal courts demands that cases proceed onward rather than languishing while the courts await a time when counsel is available to meet with the court. Therefore, since no response was filed by Dean, pursuant to Local Rule 56.1, all of the facts in CTA's 56.1 statement of facts are deemed to be admitted.

## II. ADEA Claims

Dean claims that he was discriminated against because of his age. The ADEA provides that "[i]t shall be unlawful for an employer . . . to fail to hire or discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or priveleges of employment, because of such individual's age. . . ." 29 U.S.C. § 623 (a)(1). A plaintiff must establish a *prima face* case for an ADEA claim either under the direct approach or under the indirect burden-shifting approach. *Schuster v. Lucent Technologies, Inc.*, 327 F.3d 569, 573 (7th Cir. 2003). To establish a *prima facie* case of age discrimination under the indirect approach a plaintiff must show that he was: 1) over 40 years of age, 2) performing his job in a satisfactory manner, 3) subject to an adverse employment action, and 4) "treated less favorably than younger, similarly situated employees." *Id.* at 574. Once a *prima facie* case is established the burden shifts to the employer and the employer is required to offer a legitimate non-discriminatory reason for the employment action. *Id.* If such a reason is provided by the employer, the burden then shifts back to the plaintiff to show that the given reason is merely a pretext for unlawful discrimination. *Id.*

In this case Dean has failed to show that he suffered an adverse employment action. Dean claims that he was denied medical insurance. However, Dean's 56.1 admissions and the uncontested evidence shows that he was enrolled in the Blue Corss Blue Shield PPO effective January 1, 2002. Dean also admits that he asked to

5

be placed in the PPO. Dean testified at his deposition that he beleived that he was going to be denied insurance coverage because he saw unspecified documents on a computer screen at the CTA's Benefits Department in November of 2001. This unsupported accusation and Dean's speculation as to what exactly the documents on the computer screen indicated are insufficient, in light of the other evidence and admissions, to convince a reasonable trier of fact that Dean was denied insurance coverage.

Dean also alleges that he was forced into retirement because of his age. In order to establish a constructive discharge a plaintiff must show that the "employer prompt[ed] a resignation by subjecting the employee to working conditions that a reaosnable person would find unbearable." *Griffin v. Potter*, 356 F.3d 824, 830 (7th Cir. 2004). In addition, a plaintiff is required to show that the "working conditions were intolerable because of impermissible age discrimination." *Bennington v. Caterpillar, Inc.*, 275 F.3d 654, 659 (7th Cir. 2001). Also, an employee may be constructively discharged if his employer "acts in a manner" that would indicate to the employee that the employee's employment will be terminated and the employee resigns before the pending termination. *E.E.O.C. v. University of Chicago Hosps.*, 276 F.3d 326, 332 (7th Cir. 2002). Dean failed to point to evidence sufficient for a reasonable trier of fact to conclude that the conditions at work were objectively intolerable and further Dean failed to show that there were intolerable conditions created because of his age. In fact Dean admits that he signed the documents for his

retirement applying for retirement from active service. Dean admits that he is college educated and that he consulted his attorney before signing the retirement agreement. Dean has also failed to point to similarly situated employees outside the protected class that were treated more favorably. Even if Dean could establish a *prima facie* case, there is insufficient evidence for a reasonable trier of fact to find that CTA intended to discriminate against Dean because of his age and that CTA's reasons for any alleged actions were a pretext for discrimination. Dean alleges in his complaint that the manager of insurance benefits at CTA told him "We don't need old people like you." However, there is no evidence other than Deans' unsubstantiated allegation that indicates such a statement was made, and even if the statement was made, it would be insufficient to establish that any action taken against Dean was a pretext for age discrimination. Therefore, we grant the motion for summary judgment on the ADEA discrimination claim.

Dean also alleges that he was denied insurance benefits and was forced to retire because he filed a discrimination charge against CTA. For an ADEA claim, a plaintiff proceeding under the indirect method must establish that the plaintiff: "(1) engaged in statutorily protected activity; (2) was meeting the [employer's] legitimate job expectations; (3) suffered an adverse employment action; and (4) was treated less favorably than similarly situated employees who did not engage in protected activity." *Griffin*, 356 F.3d at 828. If the employer presents a legitimate non-discriminatory reason for its actions the burden shifts to the plaintiff to show that the

7

given reason is a pretext. *Franzoni v. Hartmarx Corp.*, 300 F.3d 767, 772 (7th Cir. 2002). For the same reasons stated above, Dean has failed to show that he suffered an adverse employment action and has failed to point to similarly situated employees outside the protected class. In addition, there is a complete absence of evidence indicating that CTA took any action against Dean because Dean filed a discrimination charge against CTA and that CTA's reason for its actions were a pretext. Therefore, we grant the motion for summary judgment on the ADEA retaliation claim.

### III. ADA Claims

The ADA prohibits covered entities, including private employers, from discriminating against a qualified individual because of his disability. 42 U.S.C.§ 12112(a). The ADA provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." *Id.* A plaintiff bringing an ADA retaliation claim can proceed under the direct method or the indirect method. *Zich v. Glenbrook School Dist., 225*, 2004 WL 524707, at *13 (N.D. Ill. 2004). A plaintiff is required under the indirect method to first to show that: (1) she is disabled within the meaning of the

ADA; (2) she was meeting the legitimate employment expectations of her employer; (3) she suffered an adverse employment action; and (4) similarly situated employees received more favorable treatment." *Hoffman v. Caterpillar, Inc.*, 256 F.3d 568, 572 (7th Cir. 2001). Once an employer provides a legitimate non-discriminatory reason for its action the burden shifts to the plaintiff to show that the given reason is a pretext. *DeLuca v. Winer Industries, Inc.*, 53 F.3d 793, 797 (7th Cir. 1995). For the same reasons stated above, Dean has failed to show that he suffered an adverse employment action. In addition Dean has failed to point to similarly situated employees outside the protected class that were treated more favorably. Finally, even if Dean established a *prima facie* case, he has failed to point to sufficient evidence for a reasonable trier of fact to conclude that CTA wanted to discriminate against Dean because of his alleged disability and that CTA's reasons for any actions taken were merely a pretext for such discrimination. Therefore, we grant CTA's motion for summary judgment on the ADA claim.

## CONCLUSION

Based on the foregoing analysis we grant CTA's motion for summary judgment in its entirety.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 27, 2004